**UNITED STATES of America,**
**Appellee,**

v.

**Raymond W. ACCOLLA, Defendant–**
**Appellant.**

No. 05–1872–cr.

United States Court of Appeals,
Second Circuit.

Nov. 8, 2007.

Malvina Nathanson, Law Office of Malvina Nathanson, New York, NY, for Appellant.

John P. Collins, Jr., Assistant United States Attorney, (Michael J. Garcia, United States Attorney, Robin L. Baker, Assistant United States Attorneys, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, ROBERT A. KATZMANN and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Raymond W. Accolla appeals from a judgment of conviction and sentence following his guilty plea to charges relating to a robbery and conspiracy to commit bank fraud. Accolla was sentenced principally to a term of 174 months' imprisonment and ordered to pay restitution in the amount of $561,908. On appeal, he claims that his sentence should be vacated on the grounds of ineffective assistance of counsel because (1) at sentencing, his counsel argued for a lower sentence than that contained in the plea agreement, which breached the plea agreement and permitted the Government to seek an obstruction of justice enhancement not contained in the agreement; and (2) counsel failed to contest an obstruction of justice enhancement and instead permitted Accolla to testify regarding his perjury before the grand jury in an attempt to "explain" the perjurious testimony. We assume the parties' familiarity with the facts and procedural history of the case.

A claim for ineffective assistance of counsel must establish both that counsel's representation was unreasonable under the "prevailing professional norms," *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and that, but for counsel's incompetence, there is a reasonable probability that "the result of the proceeding would have been

different." *Id.* at 694, 104 S.Ct. 2052. The record on appeal is insufficient to determine whether trial counsel's decisions were reasonable and whether any prejudice resulted therefrom. We have expressed an aversion to addressing ineffective assistance of counsel claims on direct appeal because of the possibly inadequate factual record. *See, e.g., United States v. Oladimeji,* 463 F.3d 152, 154 (2d Cir.2006) ("Where the record on appeal does not include the facts necessary to adjudicate a claim of ineffective assistance of counsel, our usual practice is not to consider the claim on the direct appeal, but to leave it to the defendant to raise the claims on a petition for habeas corpus under 28 U.S.C. § 2255."). We therefore do not consider the merits of his claims as a part of this direct appeal. Accolla may raise those claims in the district court by petition under section 2255, in which proceeding the district court would be able to develop a full record in order to determine whether trial counsel's decisions constituted ineffective assistance of counsel. *Cf. Sparman v. Edwards,* 154 F.3d 51, 52 (2d Cir.1998) ("We believe that a district court facing the question of constitutional ineffectiveness of counsel should, except in highly unusual circumstances, offer the assertedly ineffective attorney an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs.").

Because the only issue on appeal is one that we will not address at this stage of the proceedings, the appeal is **DISMISSED** without prejudice to defendant-appellant raising that issue in a motion made pursuant to 28 U.S.C. § 2255.